IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT A. McNEIL, | ) |
| | ) Case No. 1:15-cv-01288 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMMISSIONER, INTERNAL REVENUE; | ) |
| and UNITED STATES ATTORNEY | ) |
| GENERAL, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT UNITED STATES'
<u>MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

**Introduction** ............................................................................................................................. 1

**Factual Allegations and Summary of Argument** ................................................................. 2

**Argument** ................................................................................................................................. 3

**I.   THE COURT LACKS SUBJECT MATTER JURIDICTION OVER PLAINTIFF'S CLAIMS** ............................................................................................................................. 3

    A.   The Anti-Injunction Act Bars This Action ................................................... 4

    B.   Plaintiff Cannot Establish The Causation And Redressability Requirements Necessary For Article III Standing ....................................................................... 5

**II.  THE COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM ON WHICH RELIEF CAN BE GRANTED** .................................................................................................. 7

    A.   Plaintiff Has Not Alleged A Plausible Violation Of The Fifth Amendment ............ 8

    B.   Plaintiff Has Not Alleged A Plausible Violation Of Any Statute .............................. 9

    C.   Plaintiff Has Not Pled His Fraud-Based Claims With Particularity ...................... 10

**Conclusion** ............................................................................................................................. 10

**Introduction**

This action seeks to enjoin the Internal Revenue Service from preparing tax returns from information available to it for individuals who do not file their required federal individual income tax returns, and enjoin the Department of Justice from using certified copies of non-filers' tax transcripts in subsequent collections and enforcement proceedings. Plaintiff is a tax protestor who does not file federal income tax returns, claiming that he has a Fifth Amendment right to refuse doing so. He alleges that when he annually exercises his "right" to not file a federal income tax return, the Service "fraudulently" prepares a return on his behalf that "illegally" presumes that he paid zero tax. The DOJ then uses a certified transcript generated from that allegedly fraudulent return to seize money from him legal proceedings, which the Complaint characterizes as "criminal." On these allegations, Plaintiff purports to assert claims against the Commissioner of Internal Revenue and the United States Attorney General for: (1) violation of the Administrative Procedure Act (5 U.S.C. §§ 702, *et seq.*); and (2) "Violation of Plaintiffs Fifth Amendment Procedural and Substantive Due Process Right."

Plaintiff's complaint is meritless. The "fraudulent" scheme he alleges – the Service's preparation and use of a return when he has refused to file one himself – is authorized by statute and the Treasury Regulations. 26 U.S.C. § 6020(b)(1) ("If any person fails to make any return required by any internal revenue law or regulation made thereunder . . . the Secretary *shall make such return*[.]") (emphasis added); 26 C.F.R. §§ 301.6211-1 (For the purpose of calculating tax deficiency, "if no return is made … 'the amount shown as the tax by the taxpayer upon his return' shall be considered as zero."). So is the use of such returns and certified transcripts thereof to collect unpaid taxes. 26 U.S.C. § 6020(b)(2) ("Any return so made and subscribed by the Secretary shall be prima facie good an sufficient for all legal purposes."). The substance of Plaintiff's claims were also raised and rejected in two other actions filed in this district: *Florance*

*v. Commissioner of Internal Revenue*, No. 1:12-cv-00933 (D.D.C. 2012) and *Ellis v. Commissioner of Internal Revenue*, No. 1:14-cv-00471 (D.D.C. 2014), a case in which Plaintiff moved to intervene and which is currently on appeal.  The Courts in *Florance* and *Ellis* both dismissed the Complaints in their entirety.  *See Ellis v. Comm'r of Internal* Revenue, 67 F. Supp. 3d 325, 327-28 (D.D.C. 2014).  The same result is warranted here.

### Factual Allegations and Summary of Argument

The material allegations of the Complaint outline the following "scheme."  When an individual does not file a tax return, the Service opens an Individual Master File ("IMF") for that individual in its computer system by creating an entry for the non-filer showing that he or she has paid zero tax.  (Compl. ¶¶ 20-22); 26 C.F.R. § 301.6211.  The Service then calculates the individual's tax deficiency, as well as any interest and penalties (referred to as "additions to tax"), and records that on a Form 4549 "Income Tax Examination Changes" and a Form 866 "Explanation of Items" (Compl. ¶¶ 32, 42.)  The Service appends the Form 4549 and the Form 866 to a Form 13496 "IRC § 6020(b) Certification" containing an assessment of the taxes due.  (*Id.* ¶ 42.)  This "packet" of records form what is referred to in the Complaint as a "Substitute for Return" or "SFR."  (*Id.*)  The Service later creates a certified transcript of the IMF (called a Form 4340) for the purposes of taking administrative and legal collections actions against the non-filer.  (*Id.* ¶¶ 43, 45.)  This transcript is "self-authenticating."  (*Id.* ¶ 46.)

According to Plaintiff, the Service's preparation of substitute returns is "fraudulent" and "illegal," because (1) the Service may not deem the tax paid to be zero without the *taxpayer's* filing of a return saying that he has paid no tax (*id.* ¶¶ 20, 25, 46, 69); and (2) in any event, it may not prepare a return on behalf of the taxpayer unless the taxpayer requests that it do so pursuant to 26 U.S.C. § 6014.  (*Id.* ¶¶ 2, 5, 22, 24-29.)  Since Plaintiff claims a "Fifth Amendment right" to refuse to file a return (*id.* ¶¶ 3, 29, 69, 70, 72), he has never filed a return

2

showing zero tax paid, nor has he requested that a return be calculated on his behalf.  (*see id.* ¶ 7.)  So when the Service prepared a substitute return for him presuming that he paid no tax, that return was "falsified" and "fraudulent."  (*Id.* ¶¶ 29, 73.)  Furthermore, when the DOJ later used this allegedly "fraudulent" return to "seize monies" from him, those collection actions amounted to "unarguable violations of 18 USC §§ 4, 241, and 1001."  (*Id.* ¶ 12.)

The Complaint should be dismissed in its entirety.  First, the Court lacks subject matter jurisdiction to entertain this action because it is a suit seeking to enjoin the assessment and collection of federal taxes in violation of the Tax Anti-Injunction Act (26 U.S.C. § 7421), and also because the Plaintiff has not established his standing.  Second, even if this Court could exercise its jurisdiction over this action, the Complaint does not state a plausible claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) because there is no legal basis for his constitutional claim, the conduct he challenges is authorized by statute, and the claims are not pled with particularity under Rule 9(b).

**Argument**

**I.   THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS**

Federal courts are courts of limited jurisdiction, and "it is to be presumed that a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).  Accordingly, even a *pro se* plaintiff bears the burden of establishing by a preponderance of the evidence that the Court has subject matter jurisdiction over the action.  *Newby v. Obama,* 681 F. Supp. 2d 53, 55 (D.D.C. 2010); *Hassan v. Holder*, 793 F. Supp. 2d 440, 444 ("Under Rule 12(b)(1), plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.").  If the plaintiff cannot meet this burden, the entire action is properly dismissed under Federal Rule of Civil Procedure 12(b)(1).  *Hassan*, 793 F. Supp. 2d at 447.

3

The Court lacks subject matter jurisdiction over this case because the Complaint seeks injunctive relief restraining the Service's and DOJ's assessment and collection activities, which is barred under Anti-Injunction Act, 26 U.S.C. § 7421(a)(1), and because Plaintiff has not adequately established the causation and redressability elements of Article III standing. Each provides an adequate independent ground for dismissal under Rule 12(b)(1), and each is addressed in turn.

### A.     The Anti-Injunction Act Bars This Action

Plaintiff's suit has two primary goals: (1) to enjoin the Service from preparing returns based upon the information available to it – pursuant to procedures set forth in 26 U.S.C. § 6020(b) – in order to determine and assess the tax liabilities of non-filers; and (2) to enjoin the Service and DOJ from later using certified transcripts of those tax liabilities in court. (Compl. ¶¶ 13, 75, 76.) Neither is permissible under the Tax Anti-Injunction Act.

Under the Tax Anti-Injunction Act, "*no suit* for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person[.]" 26 U.S.C. § 7421(a)(1) (emphasis added). The Act "withdraw[s] jurisdiction from the state and federal courts to entertain suits" to enjoin tax assessments, or collections actions pursuant thereto. *Lundberg v. United States*, 720 F. Supp. 2d 25, 28 (D.D.C. 2010). It also bars suits to enjoin "activities which are intended to or may culminate in the assessment or collection of taxes." *Linn v. Chivatero*, 714 F.2d 1278, 1282 (5th Cir. 1983). The Act has "almost literal effect," and protects "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference[.]" *Bob Jones University v. Simon*, 416 U.S. 725, 737 (1974).

This suit fits squarely within the Act's prohibitions of suits "brought for the purpose of restraining the assessment or collection of tax" and those seeking to enjoin actions leading up to

4

the assessment or collection of taxes. First, the Complaint openly admits that it seeks to restrain the DOJ from bringing or defending civil actions where the Service has assessed taxes against a non-filer based, in part, on the procedures contained in 26 U.S.C. § 6020. (Compl. ¶¶ 12, 76(c)-(d).) In fact, it asserts that if DOJ is prohibited from using substitute returns "in cases involving 'non-filers,' no more such cases will come before [The Tax Court]." (*Id.* ¶ 35 n.8.) The Act plainly prohibits such relief. *E.g.*, *Tecchio v. U.S.*, 153 Fed. App'x 841, 843 (3d Cir. 2005) (holding action barred by Anti-Injunction Act where plaintiff sought "to enjoin the United States from using a substitute 1040 return to impose tax liability"). Second, the Service's preparation of Section 6020 returns is not only "intended to . . . culminate in the assessment or collection of taxes," it *did* in fact result in the assessment and collection of taxes against Plaintiff. (Compl. ¶¶ 48-49.) The Act therefore prohibits an action enjoining the preparation of returns under Section 6020(b) as well. *Ellis*, 67 F. Supp. 3d at 333 ("The use of the 'created' return directly relates to the tax assessment and is certainly an activity that resulted in the imposition of tax liability." (quoting *Tecchio*)).

### B. Plaintiff Cannot Establish The Causation And Redressability Requirements Necessary For Article III Standing

The Court lacks subject matter jurisdiction for an additional and related reason: the Plaintiff lacks standing to bring the instant suit.

Under Article III, federal courts assert jurisdiction only over cases and controversies. *Williams v. Lew*, 77 F. Supp. 3d 129, 132 (D.D.C. 2015). A "core element" of the "case or controversy" requirement is the plaintiff's ability to establish his or her standing to bring suit. *Id.* To establish Article III standing, the plaintiff must plead and prove an "injury in fact" (injury) that is "fairly traceable to the defendant's allegedly unlawful conduct" (causation) and which is "likely to be redressed by the requested relief" (redressability). *Id.* (quoting *Allen v. Wright*, 468

5

U.S. 737, 751 (1984)).  Plaintiff fails to establish, and cannot establish, either causation or redressability.

Plaintiff cannot establish causation because his claimed injury is not "fairly traceable" to the alleged "scheme."  The Complaint alleges that the Service injured Plaintiff by "seiz[ing] monies belonging to [him] by using records falsified pursuant to the [SFR] scheme," (Compl. ¶ 15) and that it will "continue [to do so] into the future."  (*Id*. ¶ 70.)  But the seizure of Plaintiff's money is not "fairly traceable" to the Service's preparation of a Section 6020 return, or to its subsequent use of certified transcripts of his tax liabilities in a collection action against him.  Rather, it is fairly traceable to his failure to pay taxes and file a tax return, voluntary acts that the Complaint makes clear Plaintiff intends to repeat annually.  (*Id*. ¶ 25 n.6 ["Plaintiff has never claimed, and will never claim, to be a 'non-filer', although he does claim to exercise his constitutionally-protected rights and will never voluntarily waive them."].)  Such a purposeful "self-inflicted injury . . . severs the causal nexus needed to establish standing." *Ellis*, 67 F. Supp. 3d at 336; *see also Nat'l Family Planning and Reprod. Health Ass'n, Inc. v. Gonzales*, 468 F. 3d 826, 831 (D.C. Cir. 2006).

Even if the seizure of Plaintiff's money was caused by the alleged substitute return "scheme" (and not to his refusal to file tax returns or pay taxes), his injury is not redressable.  To establish redressability, a plaintiff must show that it is "likely as opposed to merely speculative that the injury will be redressed by a favorable decision of the court."  *Spectrum Five LLC v. Fed. Commc'n. Comm'n*, 758 F.3d 254, 260 (D.C. Cir. 2014).  Enjoining the Service's preparation of returns under Section 6020 and use of assessments and transcripts based upon those returns in court is not "likely" to prevent future seizures of Plaintiff's money.  Plaintiff is liable for federal income taxes owed whether he files a return or not, and whether the

Service prepares a return for him or not. 26 U.S.C. § 1. Moreover, the Service may calculate his tax deficiency and take action to collect it regardless of whether it prepares a substitute return. 26 U.S.C. § 6211 (defining "deficiency"); 26 C.F.R. §301.6211-1(a) (providing for calculation of deficiency using presumption of zero tax paid for non-filers); 26 U.S.C. § 6301 (authorization for collections). The requested injunctive relief would therefore give Plaintiff no more than "psychic satisfaction," which is not enough under Article III. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998).

In sum, the current action is brought (1) "for the purpose of restraining the assessment or collection of any tax," in which case it is barred by the Tax Anti-Injunction Act, or (2) it will have no effect on assessment and collections, in which case it will not redress Plaintiff's injury (the wrongful collection of money). Either way, Plaintiff's claims fail.

## II. THE COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM ON WHICH RELIEF CAN BE GRANTED

A motion to dismiss should be granted where the plaintiff fails to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. When ruling on a motion to dismiss, a court must accept *factual* allegations pleaded in the complaint as true, but it need not accept unreasonable inferences or legal conclusions cast in the form of factual allegations. *See id.* at 681. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct

the complaint has alleged – but is has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679.

The Complaint fails to state a plausible claim for relief for three reasons. First, Plaintiff's claims are precluded as a matter of law because they depend upon the fanciful claim that the Plaintiff has a "Fifth Amendment right" to refuse to file tax returns and be free from collections actions. Second, the claims fail because they are based upon statutorily-authorized conduct. Third, to the extent that these claims rely on allegations of "falsity" of "fraud," they do not meet the particularity requirement of Rule 9.

### A.     **Plaintiff Has Not Alleged A Plausible Violation Of The Fifth Amendment**

Turning to the first point, both the purported Administrative Procedure Act and Fifth Amendment claims fail because they are based on the same illusory violation of Plaintiff's constitutional rights: the "circumvention of [Plaintiff's] Fifth Amendment right" not to file a tax return, or have a substitute return used against him. (Compl. ¶¶ 68-69 [Service's "record falsification" amounts to a "legal wrong" because it "circumvent[s] the exercise by him . . . of his Fifth Amendment right [not to file a return].");  ¶ 72 [Service "unlawfully circumvents exercise by Plaintiff of his Fifth Amendment right not to be compelled [to file a tax return] by falsifying [substitutes for return]".)  Simply, Plaintiff has no Fifth Amendment right to refuse to file a tax return or to be free from collections actions, so his constitutional claim fails as a matter of law. *United States v. Sullivan*, 274 U.S. 259, 263 (1927) (individual may not "refuse to make any return at all" on account of the Fifth Amendment); *Garner v. United States*, 424 U.S. 648, 661 (1975) ("The requirement that returns be completed and filed simply does not involve the compulsion to incriminate."); 26 U.S.C. § 6012 (setting forth categories of individuals who must file income tax returns).  And without such a constitutional right, Plaintiff necessarily cannot state a claim under the Administrative Procedure Act for violation of that right. *Fraternal Order*

*of Police v. Gates*, 602 F. Supp. 2d 104, 109 (D.D.C. 2009) ("Because plaintiffs have failed to state a violation of either the due process or equal protection clauses, there is no basis for this Court to set aside the agency action as contrary to constitutional right, and these claims must be dismissed.").

### B.    Plaintiff Has Not Alleged A Plausible Violation Of Any Statute

Plaintiff's claims also fail because the challenged conduct is authorized by statute. A plaintiff may only bring suit under the APA to protect interests that are "arguably within the zone of interests to be protected or regulated by the statute that he says was violated." *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 132 S.Ct. 2199, 2202 (2012). Plaintiff alleges that the preparation of a return without his request violates 26 U.S.C. § 6014 (allowing certain taxpayers to elect to allow the Service to calculate the tax on their income on their return). (Compl. ¶¶ 25-26, 75(a).) Not so. Section 6014 applies only to individuals who file returns. 26 C.F.R. § 1.6014-2(b) ("this election … shall not be made by an individual who does not file his return" on or before the date it is due). Section 6020(b), in contrast, applies to individuals who do not. *Id.* (Secretary of Treasury "*shall make*" a return as to "any person who files to make any return required by any internal revenue law or regulation"). Plaintiff therefore has not alleged – and *cannot* allege – a statutorily "protected" interest. *See Vemuri v. Napolitano*, 845 F. Supp. 2d 125, 130-31 (D.D.C. 2012) (dismissing APA claim where "plaintiff's interests run contrary to the purpose of the relevant statutory provisions"); *see also Douglas v. United States*, 324 Fed. App'x 320, 321 (5th Cir. 2009) (holding "argument that the IRS committed 'fraud' by filling out returns on his behalf as authorized by I.R.C. § 6020(b) is frivolous").

### C. Plaintiff Has Not Pled His Fraud-Based Claims With Particularity

Finally, both claims fail because they are based on the conclusory allegation that the Service's preparation of substitute returns is "fraudulent."  (Compl. ¶¶ 7, 12, 36, 42-43, 46-47, 68, 73.)  To the extent that these claims sound in fraud, they must be pled with particularity under Federal Rule of Civil Procedure 9(b) – *i.e.*, the Complaint must include "the time, place, and content of the false misrepresentations [as well as], *the fact misrepresented.*" *United States ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004) (emphasis added).  The Complaint does not meet this requirement.  It does not identify any "misrepresented" or false material fact, not does it even allege that the tax liability calculated on Plaintiff's substitute returns was *actually false*.  This too is fatal.

### Conclusion

For the foregoing reasons, the Court should grant the United States' motion to dismiss and the entire Complaint should be dismissed with prejudice.

Dated: October 19, 2015

Respectfully submitted,

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

*/s/ Ryan O. McMonagle*
RYAN O. MCMONAGLE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
Telephone: (202) 307-1355
Facsimile: (202) 514-6866
Email: Ryan.McMonagle@usdoj.gov