IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT A. MCNEIL, | ) |
| | ) Case No. 1:15-cv-01288 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION
TO ALTER/AMEND DISMISSAL AND FOR ORAL ARGUMENT**

The United States submits this memorandum in opposition to Plaintiff's purported Motion to Alter/Amend Dismissal and For Oral Argument under Rule 59(e).  Although the motion offers a welter of legal authority, the thrust of Plaintiff's motion for relief appears to be that, notwithstanding the Anti-Injunction Act ("AIA"), "special and extraordinary circumstances" exist in this case that would allow the Court to exercise its equity jurisdiction in this case.  The motion raises nothing new or meritorious and should be denied.

**I.    PLAINTIFF RAISES NO GROUNDS FOR RELIEF UNDER RULE 59(e)**

Motions for reconsideration under Rule 59(e) are "disfavored and should be granted only under extraordinary circumstances."  *N.Y.C. Apparel F.Z.E. v. U.S. Customs and Border Protection* Bureau, 618 F. Supp. 2d 75, 76 (D.D.C. 2009).  A Rule 59(e) motion should therefore be denied "unless the [Court] finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Agrocomplect, AD v. Republic of* Iraq, 262 F.R.D. 18, 21 (D.D.C. 2009).  Rule 59(e) does not "provide a vehicle to relitigate old matters, or to raise new arguments or present evidence that

could have been raised prior to the entry of the judgment." *Rivera v. JPMorgan Chase Bank, N.A.*, 312 F.R.D. 216, 219 (D.D.C. 2015).

The grounds for plaintiff's motion for reconsideration have already been litigated. Plaintiff argues that the Internal Revenue Service and the Department of Justice commit "crimes," and "IRS and DoJ commission of <u>crimes</u> to enforce the so-called 'income tax' are 'special circumstances'" allowing the Court to exercise its "latent equitable power" pursuant to *Miller v. Standard Nut Margarine Co.*, 284 U.S. 498 (1932) notwithstanding the Anti-Injunction Act.  Mot. at p. 4.  But Plaintiff has *already* argued that the Anti-Injunction Act does not bar this action because of the IRS and DOJ's supposed crimes in his opposition to the United States' motion to dismiss:

> Congress has not authorized the commission of criminal record falsification acts in the collection of the income tax, and the Secretary of the Treasury has not instructed IRS employees to commit crimes (falsification of IMF records) on behalf of the United States.  In fact, since no federal official is authorized to commit a crime on the Government's behalf, and since Congress has criminalized the falsification and use of falsified government records, it necessarily follows that a rule of law, the AIA, cannot shield from a United States District Court's review of the lawless record falsification scheme of which complaint is made.

Opposition to Motion to Dismiss, Dkt. No. 6, at p. 8.  The Court addressed and rejected that argument in its Opinion.  Memorandum Opinion at p. 9.

Because Plaintiff has already argued that the AIA does not bar his action, and because the Court has already rejected it, he is either "relitigating" his previous arguments, or raising legal theories that "could have been raised earlier."  Either way, his motion should be denied.  *See Andreen v. Lanier*, 582 F. Supp. 2d 48, 50 (D.D.C. 2008) (denying motion for reconsideration where argument was addressed in original order) *and Smith v. Lynch*; 115 F. Supp. 3d 5, 11, 22

n.12 (D.D.C. 2015) (noting "arguments raised for the first time on a Rule 59(e) motion may be deemed waived" and holding plaintiff waived argument not previously raised).[1]

Plaintiff raises various other arguments that the Court's opinion and order should be amended to account for certain points. Since these arguments were not previously made, and do not affect the outcome of this case, the United States declines to brief them unless the Court thinks that such briefing would be helpful to the Court.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Alter/Amend Dismissal and For Oral Argument should be denied.

Dated: May 19, 2016

Respectfully submitted,

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

*/s/ Ryan O. McMonagle*
RYAN O. MCMONAGLE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
Telephone: (202) 307-1355
Facsimile: (202) 514-6866
Email: Ryan.McMonagle@usdoj.gov

---

[1] This applies with equal force to Plaintiff's claim that the Anti-Injunction Act is not jurisdictional.  Mot. at 9-13.  Plaintiff could have – but did not – raise this argument previously. Even if he did, the argument is meritless. *Florida Bankers Ass'n v. Dept. of the Treasury*, 799 F.3d 1065, 1067 n.1 (D.C. Cir. 2015).

## **CERTIFICATE OF SERVICE**

I certify that on May 19, 2016, I filed the foregoing United States' Opposition to Motion to Alter/Amend Dismissal and For Oral Argument with the Clerk of Court using the CM/ECF system, and served it by U.S. mail, postage prepaid, to:

Robert A. McNeil
701 N. Hwy 281, Suite E # 193
Marble Falls, Texas 78654
*Plaintiff, pro se*

                                         */s/ Ryan O. McMonagle*
                                         RYAN O. McMONAGLE